IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:10CR153 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| ANTHONY D. ROOKS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's objections, Filing No. 38, to the findings and recommendation ("F&R") of the magistrate judge, Filing No. 32 (report) and Filing No. 34 (oral findings), denying the defendant's motion for a *Franks* hearing, Filing No. 16. The defendant is charged in Count I of the Indictment with knowingly and intentionally possessing 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 844(a). Filing No. 1.

Under 28 U.S.C. § 636(b)(1), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge,* 324 F.3d 599, 600-01 (8th Cir. 2003). The court has conducted a de novo review of the record, including the transcript of the hearing which includes the findings and conclusions of the magistrate judge, Filing Nos. 32 and 34, and the relevant law. The court agrees with the magistrate judge's recitation of the facts and application of the law and will only briefly summarize them in this Memorandum and Order. The court overrules the

defendant's objections to the F&R, denies defendant's motion for a *Franks*[1] hearing, and adopts the findings and recommendation of the magistrate judge in its entirety.

## BACKGROUND

On or about October 25, 2009, Omaha Police Officer Kalon Francher responded to an alarm call in Omaha, Nebraska. He arrived at the home of Anthony Rooks to investigate the alarm. While inside the home of Anthony Rooks, Officer Francher observed a surveillance system which included monitors showing pictures of the outside property. Officer Rooks believed these cameras were sometimes used by drug dealers. On November 30, 2009, Officer Francher noticed trash outside the defendant's curb. Officer Francher seized and searched the trash cans. Officer Francher found marijuana pieces and venue items connecting the home to the defendant. Subsequently, Officer Francher obtained a search warrant for the defendant's home. Filing No. 20. During the search officers found crack cocaine in the bathroom closet.

Defendant filed a motion to suppress all evidence and all statements and requested a *Franks* hearing. Filing No. 16.[2] Defendant argued that Officer Francher deliberately or recklessly omitted information from the Affidavit and Application for Issuance of a Search Warrant, and if such evidence had been included, argues defendant, the affidavit would have been insufficient to support a probable cause finding. In particular, defendant objects to the mention of 106 lines of criminal history, when in fact most were traffic-type violations; the mention of arrests that did not result in convictions; the use of very old criminal arrests;

---

[1] *Franks v. Delaware*, 438 U.S. 154 Z(1978),

[2] Only the *Franks* motion is before the court at this time.

2

the failure to name the dates and times when surveillance occurred; and the failure to inform the reviewing judge that the security system was the type could also be used by an average homeowner.

## DISCUSSION

The court agrees with the magistrate judge that the warrant authorizing the search was supported by probable cause on its face. The magistrate judge noted that the "defendant must make a substantial preliminary showing that the affidavit contains false information, deliberately or recklessly—or with deliberate or reckless disregard for the truth and that the information is necessary for the finding of probable cause, *Technical Ordinance, Inc. vs. The United States* at 244 F.3d 641, Eighth Circuit, 2001." Filing No. 34, at 12. Further, as stated by the magistrate judge, "If the affidavit is sufficient to establish probable cause with the false material removed, no evidence hearing is required, *United States vs. Crook*, 936 F.2d 1012, Eighth Circuit, 1991." *Id*. The magistrate judge determined that even if (1) the surveillance information was found to be recklessly or deliberately omitted (that the equipment is used both for regular homeowners as well as drug dealers), and (2) the foot traffic information was not supported by dates and times, and (3) the defendant is correct that other information should or should not have been included, the presence of the marijuana pieces in the garbage can was sufficient in and of itself to establish probable cause. This court agrees that the information contained in the four corners of the affidavit establishes sufficient probable cause upon which to issue a search warrant. The evidence of the marijuana pieces alone is sufficient to support a

finding of probable cause.[3] Accordingly, the court will adopt the recommendations of the magistrate judge in this regard.

The court further agrees with the magistrate judge that defendant is not entitled to a *Franks* hearing. Under *Franks*, the defendant must show: "(1) that the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading; and (2) that the affidavit if supplemented by the omitted information would not have been sufficient to support a finding of probable cause." *United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986) (citations omitted). The court agrees with the magistrate judge that the information that Officer Francher omitted was not material, and there is no evidence that such information was deliberately or recklessly omitted form the affidavit. The court has already found that the information regarding marijuana pieces located in defendant's trash cans is sufficient to support the Affidavit and Warrant to Search. Accordingly, the court will adopt the report and recommendation of the magistrate judge.

THEREFORE, IT IS ORDERED:

1. The motion for a *Franks* hearing, Filing No. 16, is denied.

2. The objections to the magistrate judge's findings and recommendations, Filing No. 38, are overruled.

---

[3] With that said, however, the court notes that the Affidavit and Warrant, under different circumstances, might have been insufficient and cautions law enforcement to be accurate with their information in the future, in particular, the mention of 106 lines of criminal history, when in fact most were traffic-type violations; the mention of arrests that did not result in convictions; the use of very old criminal arrests; the failure to name the dates and times when surveillance occurred; and the failure to inform the reviewing judge that the security system was the type could be used by an average homeowner.

3.  The findings and recommendation of the magistrate judge, Filing No. 32 and Filing No. 34, are adopted in their entirety.

DATED this 20th day of September, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5